UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED (GR)
U.S. District Court Clerk
DEC 03 2019
Western Michigan

MR. JOHN MORALEZ, *IN PRO SE*
*PLAINTIFF*
5420 BECKLEY RD. #325
BATTLE CREEK, MI 49015
johnmoralez@netzero.net

CASE NO. ----------------

HON. ----------------

**1:19-cv-1017**
Robert J. Jonker
Chief U.S. District Judge

---AND----

THE ARBORS OF BATTLE CREEK
*DEFENDANT*
10 RAMBLING LANE
BATTLE CREEK, MI 49015
(269) 979-9500 / (269) 979-1162

ATTORNEY FOR DEFENDANT
MR. DAVID L. ZEBELL (P39939)
HUMBARGER, ZEBELL, PARKS & BIEBERICH, P.C.
3 HERITAGE OAK LANE
BATTLE CREEK, MI 49015
(269) 979-3990

*PRO SE* PLAINTIFF'S DISPOSITIVE MOTION TO SET ASIDE,
COMPLETELY DISMISS AND VACATE ALL OF THE STATE TRIAL
COURT'S *(10TH DISTRICT COURT)* ENTERED *VOID AB INITIO*
ORDERS / JUDGMENTS IN *STATE TRIAL COURT CASE NO. 18-12295-LT*
*(JOHN MORALEZ AND THE ARBORS OF BATTLE CREEK)*

As a constitutional minimum, the state-court proceedings must
'satisfy the applicable requirements of the 'Due Process Clause" in
order for their decisions to warrant *Rooker-Feldman* preclusive effect."

*(See Abbott v. Michigan, 474 F.3d 324, 331 (6th Cir. 2007); Abbott, 474 F.3d at 331.*
quoting *Kremer v. Chem. Const. Corp., 456 U.S. 461, 482,*
102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).
*(See also Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir. 1986).*

*As stated in 7 J. Moore, Moore's Federal Practice ¶ 60.41[2]*
*(2d ed. 1985), "since a VOID AB INITIO judgment is legally ineffective*
*it is subject to collateral attack at any time in any proceeding,*
*where the validity of the judgment is appropriately put in issue."*

-1-

*(See 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2862 (2d 1995).*

Personal and/or Subject-Matter Jurisdiction can never be waived or forfeited, and courts are obligated to consider *sua sponte* whether they have such jurisdiction.

*(See VanderBoegh v Energy Solutions, Inc., 772 F. 3d 1058, 1064 (6th Cir. 2014).
(See also Douglas v. E.G. Baldwin & Assocs., Inc., 150 F.3d 604, 606-07 (6th Cir. 1998).*

## *RES JUDICATA / COLLATERAL ESTOPPEL* LEGAL DOCTRINE
## LEGAL STANDARDS
## U.S. SIXTH CIRCUIT COURT OF APPEALS
## CITED CASE LAW PRECEDENT

When a party *(The Defendant)* is improperly handicapped in disputing a preliminary issue *(i.e. The Defendant's "Defective Service")*, the overall outcome is also tainted.

(The Defendant must receive notice of the U.S. District Court's March 21, 2019 factual finding basis and be provided by the U.S. District Court a fair opportunity to properly rebut the *Pro Se* Plaintiff's factual assertions before a neutral decisionmaker.");

*(See United States v. Davis, 928 F.2d 405, 1991 WL 37829, at *4 (6th Cir. 1991).
(See also Mathews v. Eldridge, 424 U.S. 319 (1976).
(See also Hamdi v. Rumsfeld, 542 U.S. 507 (2004).*

Although federal courts apply state courts' *res judicata* rules where a state-court judgment is concerned, there are due-process *"limits on a state court's power to develop estoppel rules,"* which "reflect the general consensus in Anglo-American jurisprudence that one is NOT bound by a state court judgment *in personam* in a litigation in which he is NOT designated as a party or to which he has NOT been made a party by service of process.'"

*(See Bates v. Twp. of Van Buren, 459 F.3d 731, 734–35 (6th Cir. 2006).
(See also Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 881 (6th Cir. 1997).
(See, e.g., Taylor v. Sturgell, 553 U.S. 880, 894 n.8 (2008).*

"subject matter jurisdiction can never be waived or forfeited, and courts are obligated to consider *sua sponte* whether they have such jurisdiction."

*(See Moralez v The Arbors of Battle Creek)
(March 21, 2019 / Case No. 1:19-CV-157)
(Hon. Robert J. Jonker) (W.D. Michigan)*

On **March 21, 2019,** in *(Case No. 1:19-cv-157 / John Moralez And The Arbors of Battle*

-2-

Creek") U.S. District Court Chief Judge The Hon. Robert J. Jonker -- *(in the U.S. District Court's March 21, 2019 entered written order)* -- still to this very day -- has never disputed whatsoever, never fully addressed AT ALL -- the *irrefutable indisputable* well demonstrated material fact -- that The Arbors of Battle Creek *("i.e. The Defendant")* willfully violated the *14th Amendment / "Due Process Clause"* -- by intentionally refusing to properly and timely serve Mr. John Moralez *("i.e. The Pro Se Plaintiff")* with the Defendant's originally filed September 2018 State Trial Court Complaint *(Via U.S. Mail)* -- thereby willfully precluding both The Defendant and The U.S. District Court from raising any legal claims to the *Res Judicata / Collateral Estoppel* Legal Doctrines *(in this instant U.S. District Court case)* -- on the following well demonstrated legal grounds:

-- 1) the non-moving party *(The Defendant)* never has had an opportunity provided by the U.S. District Court – to be given ample opportunity to have a chance to properly dispute the Defendant's purported *"defective service"* claim at issue....

-- 2) The U.S. District Court has still never actually provided The Defendant with the fair and full opportunity to "litigate this specific U.S. District Court Case" -- to an issued "final judgment" – *as well settled by the U.S. Sixth Circuit Court of Appeals (See Wheeler v. Dayton Police Dep't,* 807 F.3d 764, 766 (6th Cir. 2015); *(See also Mitchell v. Chapman,* 343 F.3d 811, 821– 22 (6th Cir. 2003).

BOTH THE DEFENDANT AND THE U.S. DISTRICT COURT WILL BE LEGALLY PRECLUDED FROM ASSERTING ANY LEGAL RIGHTS TO THE *RES JUDICATA / COLLATERAL ESTOPPEL* LEGAL DOCTRINES -- DUE TO THE DEFENDANT'S *IRREFUTABLE "DUE PROCESS CLAUSE" / 14TH AMENDMENT "DEFECTIVE SERVICE"* VIOLATIONS IN THIS INSTANT U.S. DISTRICT COURT CASE

-3-

"State Court proceedings need to fully satisfy the minimum procedural requirement of the Fourteenth Amendment's *"Due Process Clause"* in order to qualify for the full-faith-and-credit guaranteed by federal law."

*(Which In This Instant U.S. District Court Case -- The Defendant Never Properly Served The Pro Se Plaintiff With Their Originally Filed State Court Complaint (Via U.S. Mail) -- thereby -- legally precluding both the Defendant and this U.S. District Court from asserting any legal claims / rights to the Res Judicata / Collateral Estoppel Legal Doctrines -- so sayeth the U.S. Sixth Circuit Court Of Appeals)*

*(See FCA US, LLC v. Spitzer Autoworld Akron, LLC, 887 F.3d 278, 289–90 (6th Cir. 2018). (See also Dinsmore Instrument Co. v. Bombardier, Inc., 199 F.3d 318, 320 (6th Cir. 1999).*

BOTH THE STATE TRIAL COURT AND THE DEFENDANT DO NOT DISPUTE WHATSOEVER THAT THE DEFENDANT -- TO THIS VERY DAY -- HAS STILL NEVER ACTUALLY "SERVED" THE *PRO SE* PLAINTIFF *(VIA U.S. MAIL)* WITH THE DEFENDANT'S SEPTEMBER 2018 STATE TRIAL COURT ORIGINAL FILED STATE COURT COMPLAINT

*A judgment rendered in violation of procedural due process is VOID AB INITIO in the rendering State and is not entitled to full faith and credit elsewhere (See Pennoyer v. Neff, 95 U.S. 714, 732-733 (1878); [See also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980)]; (See also Abbott v. Michigan, 474 F.3d 324, 330 (6th Cir. 2007).*

"A *VOID AB INITIO* judgment is one which, from its inception, was a complete nullity and without legal effect."

*(See Jalapeno Prop. Mgmt., LLC v. Dukas, 265 F.3d 506, 515 (6th Cir. 2001). (See also Northridge Ch. v. Charter Tp. of Plymouth, 647 F.3d 606, 611-12 (6th Cir. 2011).*

"[T]he existence of personal and/or subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself" *(See In re Lewis, 398 F.3d 735, 739 (6th Cir. 2005).*

Moreover, the parties cannot confer personal and/or subject-matter jurisdiction where it does not otherwise exist *(See Sweeton v. Brown, 27 F.3d 1162, 1168-69 (6th Cir. 1994).*

-4-

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named "defendant" *(See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999); *(See also Cambridge Holdings Grp., Inc. v. Federal Ins. Co.,* 489 F.3d 1356, 1360 (D.C. Cir. 2007).

Personal service of process has been the hallmark for initialing litigation for nearly 100 years, primarily because it guarantees actual notice to a defendant of a legal action against him or her. It remains a touchstone, and the "ideal circumstance under which to commence legal proceedings against a person" *(See R.L. Lipton Distributing Co. v. Dribeck Importers, Inc.,* 811 F.2d 967 (6th Cir. 1987); *(See also Southern Machine Co. v. Mohasco Industries Inc.* 401 F.2d 374, 381 (6th Cir. 1968); *(See also, Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *(See also Golden v. Gorno Bros., Inc.,* 410 F.3d 879, 881 (6th Cir. 2005).

**Although federal courts apply state courts'** *res judicata / collateral estoppel* **rules where a state-court judgment is concerned, there are due-process "limits on a state court's power to develop estoppel rules,"** *which federal courts "reflect the general consensus in Anglo-American jurisprudence that one is NOT bound by a state-court judgment in personam -- in a litigation to which he has NOT been made a party by service of process.'"* *(See Richards v. Jefferson Cty.,* 517 U.S. 793, 798 (1996) *(quoting Hansberry v. Lee,* 311 U.S. 32, 40 (1940); *(See also Taylor v. Sturgell,* 553 U.S. 880, 893-95 (2008); *(See also Rogers v. Stratton Industries, Inc.,* 798 F.2d 913, 915 (6th Cir. 1986).

## *PRO SE* PLAINTIFF'S LEGAL ARGUMENT

## U.S. SIXTH CIRCUIT COURT OF APPEALS
## CITED CASE LAW PRECEDENT

## *VOID AB INITIO* STATE COURT ENTERED ORDERS / JUDGMENTS / *ROOKER FELDMAN* LEGAL DOCTRINE APPLICATION LEGAL STANDARDS

If a state court did not have ANY personal nor subject matter jurisdiction over the prior action, *(as here in this instant U.S. District Court case)* all of its state court entered orders / judgments would be *VOID AB INITIO and subject to attack, notwithstanding Rooker-Feldman."* *(See Hamilton v. Herr (In re Hamilton),* 540 F.3d 367, 372 (6th Cir. 2008); *(quoting 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4469.1 at 11* (2d ed. Supp. 2008); *(See also Powers v. Hamilton Co. Public Defender Com'n,* F.3d 2007 WL 2428315 (6th Cir. 2007); *(See also e.g., Peterson Novelties, Inc. v. City of Berkley,* 305 F. 3d 386, 391 (6th Cir. 2002); *(See also Coles v. Granville,* 448 F. 3d 853, 858 (6th Cir. 2006).

## THE HON. ROBERT J. JONKER HAS ALREADY CONFIRMED BY WRITTEN ENTERED ORDER THAT THE *PRO SE* PLAINTIFF'S WELL DEMONSTRATED ALLEGATIONS OF *FRAUD* AND *PREJUDICIAL* MISCONDUCT OF THE DEFENDANT, DEFENDANT'S COUNSEL AND THE ASSIGNED STATE TRIAL COURT JUDGE SURVIVE THE *ROOKER-FELDMAN* LEGAL DOCTRINE IN THIS INSTANT FEDERAL CASE

"The alleged fraud of Defendant and Defendant's counsel in the State Court and the alleged conduct of the State Court Judge.....survive *Rooker-Feldman."*

*(See Moralez v The Arbors of Battle Creek)*
*(March 21, 2019 / Case No. 1:19-CV-157)*
*(Hon. Robert J. Jonker) (W.D. Michigan)*

Neither the *Rooker-Feldman* Legal Doctrine nor *28 U.S.C. § 1257* prevents a Federal District Court from exercising subject matter jurisdiction in a case where a party attempts to litigate in federal court a matter previously litigated in state court, if the *Pro Se* Plaintiff "asserts an independent claim."
*(See Federal Rule 60 (D) (3) - cited below)*

("[A] complaint in which the plaintiff contends he was injured by the defendant, rather than by the state court decision itself, is not barred by *Rooker–Feldman,* even if relief is predicated on denying the legal conclusion reached by the

-6-

state court."); Here -- ALL OF The Plaintiff's filed Federal Claims -- flow from the Defendants' *alleged prejudicial misconduct*, rather than the state court ruling itself.

Thus, the *Rooker-Feldman* Legal Doctrine does not bar the *Pro Se* Plaintiff's claims.

*(See Burks v. Washington Mut. Bank, F.A.*, No. 07-13693, 2008 WL4966656, at \*4 (E.D. Mich. Nov. 17, 2008).
*(See also Rice v. Wojtowicz*, No. 13-CV-12456, 2014 WL 4829625, at \*3 (E.D. Mich. Sept. 27, 2014).

As illustrated in *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 436-37 (6th Cir. 2006), the *Rooker-Feldman* Legal Doctrine is not triggered simply because the Plaintiff's filed complaint has some relationship to a state court judgment, but instead there is federal court jurisdiction when the Plaintiff's claim presents an independent federal claim that the Plaintiff was *injured* and *prejudiced* -- here in this instant case -- by the Defendant's -- *secretly and illegally* conducted *"Ex-Parte Communications"* personally conducted with the assigned State Trial Court Judge *("i.e. The Hon. Franklin K. Line")* at the *original* outset of a state court proceeding.

*(See Powers v. Ham. Co. Public Def. Com'n,* - F.3d -, 2007 WL 2428315 (6th Cir. 2007).
*(See also Pit. v. Cuy. Cnty. Dep't of Chil. & Fa. Ser.*, 241 F. App'x 285, 287 (6th Cir. 2007).

BOTH THE DEFENDANT AND THE U.S. DISTRICT COURT WILL BE LEGALLY PRECLUDED FROM RAISING ANY TYPE OF *ROOKER-FELDMAN* LEGAL DOCTRINE AFFIRMATIVE DEFENSE APPLICABLE TO THIS INSTANT U.S. DISTRICT COURT CASE SINCE THE DEFENDANT *IRREFUTABLY* VIOLATED THE 14TH AMENDMENT / *"DUE PROCESS CLAUSE"* BY WILLFULLY REFUSING TO PROPERLY "SERVE" THE *PRO SE* PLAINTIFF WITH THE DEFENDANT'S ORIGINALLY SEPTEMBER 2018 FILED STATE COURT COMPLAINT *(VIA U.S. MAIL)* IN VIOLATION OF *MCR 4.201 (D)* AND THE 14TH AMENDMENT / *"DUE PROCESS CLAUSE"*

"We have declined to apply *Rooker-Feldman* to Federal Claims for Non-Monetary Prospective Relief."
*(i.e. "Vacating, Dismissing and Setting Aside of All The State Court Entered VOID AB INITIO Orders/Judgments.")*

*(See Hood v. Keller*, 341 F.3d 593 (6th Cir. 2003).
*(See also Fieger v. Ferry*, 471 F.3d 637 (6th Cir. 2006).

The Rooker-Feldman doctrine does not bar "a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court."

-7-

*(See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280,*
*(See Exxon Mobil, 544 U.S. at 293;*
*(See also Evans v. Cordray, 424 F. App'x 537, 538 (6th Cir. 2011)*
*Evans, 424 F. App'x at 537).*

**THIS SPECIFIC U.S. DISTRICT COURT *(W. MICH DISTRICT)* LEGALLY HELD ON MARCH 21, 2019 THAT THE STATE TRIAL COURT *(10TH DISTRICT COURT)* IS LEGALLY FORBIDDEN FROM COMPLETELY FABRICATING ARTICLE III JURISDICTION IN THIS INSTANT U.S. DISTRICT COURT PENDING CASE -- SINCE THE DEFENDANT *IRREFUTABLY* AND ILLEGALLY REFUSED TO PROPERLY "SERVE" THE *PRO SE* PLAINTIFF *(VIA U.S. MAIL)* WITH THE DEFENDANT'S ORIGINALLY FILED STATE COURT COMPLAINT**

**"subject matter jurisdiction can never be waived or forfeited, and courts are obligated to consider *sua sponte* whether they have such jurisdiction."**

*(See Moralez v The Arbors of Battle Creek)*
*(March 21, 2019 / Case No. 1:19-CV-157)*
*(Hon. Robert J. Jonker) (W.D. Michigan)*

As a constitutional minimum, the state-court proceedings must 'satisfy the applicable requirements of the *"Due Process Clause"* in order for their decisions to warrant ***ROOKER-FELDMAN LEGAL DOCTRINE preclusive effect"*** *(See Abbott v. Michigan,* 474 F.3d 324, 331 (6th Cir. 2007); *Abbott,* 474 F.3d at 331 *quoting Kremer v. Chem. Const. Corp.,* 456 U.S. 461, 482, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

Federal law dictates that "only those interests to which one has a legitimate claim of entitlement," including but not limited to "statutory entitlements," **are protected by the Due Process Clause** *(See Hamilton v. Myers,* 281 F.3d 520, 529 (6th Cir. 2002); *(See also Fellowship of Christ Church v. Thorburn,* 758 F. 2d 1140 (6th Cir. 1985).

*THE U.S. DISTRICT COURT HAS ALREADY CONFIRMED*
*BY WRITTEN ORDER THAT BOTH THE DEFENDANT AND*
*THE STATE TRIAL COURT NEVER PROPERLY ESTABLISHED*
*ANY ARTICLE III LEGAL STANDING NOR ANY PERSONAL NOR*
*SUBJECT MATTER JURISDICTION OVER THE PRIOR UNDERLYING*
*STATE COURT PROCEEDING IN STATE TRIAL COURT CASE NO.*
*18-12295-LT (JOHN MORALEZ AND THE ARBORS OF BATTLE CREEK)*

"Plaintiff's allegations arguably claim the State Court Judge *(i.e. Hon. Franklin K. Line)* was not merely a victim of the parties' fraud but complicit in it."

*(See Moralez v The Arbors of Battle Creek)*
*(March 21, 2019 / Case No. 1:19-CV-157)*
*(Hon. Robert J. Jonker) (W.D. Michigan)*

"Through the use of fabricated documents and repeated fraud upon the State Court, Defendant and it's counsel allegedly obtained an October 22, 2018 default judgment against the Plaintiff."

*(See Moralez v The Arbors of Battle Creek)*
*(March 21, 2019 / Case No. 1:19-CV-157)*
*(Hon. Robert J. Jonker) (W.D. Michigan)*

*Since -- here -- the Plaintiff is complaining of an injury stemmed from the Defendant's filing of fabricated manufactured illegal court documents -- through illegal, secret and fraudulently conducted "Ex-Parte Communications" with the State Trial Court -- and not from any state court issued judgment -- the Rooker-Feldman Legal Doctrine -- WILL NOT APPLY whatsoever to this instant case.*

*(See Todd v. Weltman, Weinberg & Reis Co., 434 F.3d 432, 437 (6th Cir. 2006).*
*(See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280.*
*125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).*

Since **BOTH The Arbors of Battle Creek** *(i.e. "The Defendant")* -- **as confirmed by the U.S. District Court -- by Written Order on March 21, 2019 --** *nor the State Trial Court – NEVER properly established ANY ARTICLE III LEGAL STANDING NOR ANY personal nor subject matter jurisdiction over the prior underlying state court proceeding (as corroborated by this Federal District Court on March 21, 2019) ALL of the Defendant's fraudulently obtained state court issued entered judgments / orders are VOID AB INITIO –* **- and subject to attack, notwithstanding** *Rooker-Feldman (See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); *(See also Gabhart v. Cocke Cnty., Tenn.,* 155 F. App'x 867, 873 (6th Cir. 2005).

**Indeed, as corroborated by even this Federal District Court -- the State Trial Court has**

acted in "excess of [its] jurisdiction," id., and thus the *Rooker-Feldman* Legal Doctrine does not foreclose the Plaintiff's cited federal claims - *AS WELL SETTLED BY THE U.S. SIXTH CIRCUIT COURT OF APPEALS* *(See Coles v. Granville,* 448 F.3d 853, 857 (6th Cir. 2006); *(citing Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *(See also D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

## THE DEFENDANT WILL ALSO BE LEGALLY PRECLUDED FROM REQUESTING THIS FEDERAL DISTRICT COURT FROM EXERCISING A *"YOUNGER ABSTENTION"* DUE TO THE DEFENDANT'S FLAGRANT UNCONSTITUTIONALITY IN THIS CASE

### *(See Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 2d 669 (1971). *(See also Hayse v. Wethington,* 110 F. 3d 18, 20 (6th Cir. 1997).

If, however, *(as well demonstrated in this instant case)* a federal plaintiff can demonstrate extraordinary circumstances such as the defendant's deceptive fraudulent bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief, **then a federal court will immediately decline to abstain** *(See Fieger v. Thomas,* 74 F. 3d 740, 750 (6th Cir. 1996); *(See also Cooper v Parrish,* 203 F. 3d 937, 954 (6th Cir. 2000); *(See also Sevier v Turner,* 742 F. 2d 262, 269-70 (6th Cir. 1984).

**Specifically when there are extraordinary circumstances which nevertheless warrant federal intervention** *(i.e. The Defendant completely fabricating and fraudulently manufacturing Article III Federal Legal Standing -- from the instant case's original outset -- in order to illegally and fraudulently seize the Plaintiff's property -- by first --* **on October 22, 2018** *– The Defendant illegally obtaining -- through illegal, secret and prejudicial conducted "Ex-Parte Communications" -- with the State Trial Court -- a fraudulently manufactured signed and entered legally baseless "Default Judgment" State Court* **October 22, 2018** *Filed Document –*

-10-

*- based on exactly zero (0) legal grounds -- from the State Trial Court) (See Zalman v. Armstrong,* 802 F.2d 199, 202 (6th Cir. 1986); *(See also Tindall v. Wayne County Friend of the Court,* 269 F.3d 533, 538 (6th Cir. 2001).

## FEDERAL RULE 12 (B) (1) MOTIONS
## LEGAL STANDARDS

### U.S. SIXTH CIRCUIT COURT OF APPEALS
### CITED CASE LAW PRECEDENT

**(The Plaintiff's objection to insufficiency of process or its service should point out specifically in what manner the Defendant has failed to satisfy the requirements of the service provision that was utilized.)**

**"Details and arguments are what Federal Rule 12 (B) (1) "insufficient / lack of service" filed motions are for......"**

*(See Johnson Assocs. Corp. v. HL Operating Corp.,* **680 F.3d 713, 718 (6th Cir. 2012).** *(See also Smith v. Sushka,* **117 F.3d 965, 969 (6th Cir. 1997).**

A *Pro Se* **Plaintiff** *("i.e. Mr. John Moralez")* is "required at some point to raise the **Defendant's** *("i.e. The Arbors of Battle Creek")* **"lack of service issue" -- by written filed motion for the court's determination"** -- *as well settled by the* **U.S. Sixth Circuit Court of Appeals** *(See King v. Taylor,* **694 F.3d 650, 655 (6th Cir. 2012);** *(See also Creech v. Roberts,* **908 F.2d 75, 84 (6th Cir. 1990).**

**The Plaintiff is filing this Dispositive Motion To Set Aside, Dismiss And Vacate -- BOTH Of The Defendant's And The State Trial Court's** *"prejudicial unserved"* **filed state trial court claims for the Defendant's "lack of service".....which is sufficient under the Federal Rules** *(See 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1353, at 341 (3d ed. 2004); (See also Gerber v. Riordan,* **649 F.3d 514, 519 (6th Cir. 2011).**

## THE PLAINTIFF'S DECEMBER 2, 2019 NEWLY FILED DISPOSITIVE MOTION TO SET ASIDE, COMPLETELY DISMISS AND VACATE ALL OF THE STATE TRIAL COURT'S ENTERED *VOID AB INITIO*

-11-

ORDERS / JUDGMENTS FOR LACK OF PERSONAL / SUBJECT MATTER JURISDICTION HAS TO BE IMMEDIATELY GRANTED BY THIS U.S. DISTRICT COURT AS LEGALLY MANDATED BY FEDERAL RULE 12 (H) (3) AND ARTICLE III, SECTION 2 OF THE U.S. CONSTITUTION

Indeed, Federal Rule 12 (H) (3) of the Federal Rules of Civil Procedure instructs: If the Court determines at any time that it lacks personal and/or subject-matter jurisdiction, the Court must dismiss ALL of the Defendant's underlying state trial court proceedings against the *Pro Se* Plaintiff for willfully violating the *Pro Se* Plaintiff's rights to procedural due process.

*(See Fed. R. Civ. P. 12 (H) (3).*
*(See also Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).*
*(See also DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).*
*(See also United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994).*

Lack of personal and/or subject matter jurisdiction may be raised at any time in the course of a proceeding and is never waived.  Matters of jurisdiction may be raised at any time, because if a court lacks subject matter jurisdiction, it does not have power to hear the Defendant's *"UNSERVED"* *"PREJUDICIAL STATE COURT CLAIMS MADE AGAINST THE PLAINTIFF"*

*(See Article III, Section 2 of the Constitution.)*

*(See Dillon v. Cobra Power Corp., 560 F.3d 591, 599 (6th Cir. 2009).*
*(See also McCormick v. Miami Univ., 693 F.3d 654, 658 (6th Cir. 2012).*

*"... '[b]ecause a district court's lack of jurisdiction makes any decree in the case Void and the continuation of the litigation in Federal Court futile..*

*(See Eastman v. Marine Mech. Corp., 438 F.3d 544, 549-550 (6th Cir. 2006).*
*(See also Caudill v. North Am. Media Corp., 200 F. 3d 914, 916 (6th Cir. 2000).*
*(See also Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit, 874 F. 2d. 332, 338 (6th Cir. 1989)*

THE FEDERAL DISTRICT COURT IS ALSO LEGALLY MANDATED BY FEDERAL RULE 12 (B) (5) TO SET ASIDE, COMPLETELY DISMISS AND VACATE ALL OF THE STATE TRIAL COURT'S ENTERED *VOID AB INITIO* ORDERS / JUDGMENTS IN STATE TRIAL COURT *CASE NO. 18-12295-LT* *(JOHN MORALEZ AND THE ARBORS OF BATTLE CREEK)*

-12-

Given the Defendant *(The Arbors of Battle Creek's)* complete failure to prove that the Plaintiff was properly and timely served with The Defendant's underlying state trial court originally filed complaint -- The U.S. District Court's immediate dismissal of ALL OF the State Trial Court's Entered *VOID AB INITIO* Orders / Judgments *(in Case No. 18-12295-LT)* – is ALSO totally and legally warranted pursuant to Federal Rule 12 (B) (5) of the Federal Rules of Civil Procedure as well settled by the U.S. Sixth Circuit Court of Appeals legal case precedent.

*(See Leisure v. Ohio,* 12 Fed.Appx. 320, 321 (6th Cir. 2011).
*(See also N.H. Co. v. Ho. Sav. & Loan Co. of You. Oh.,* 581 F.3d 420, 423 (6th Cir. 2009).
*(See also Campanella v. Commerce Exch. Bank,* 137 F.3d 885, 890 (6th Cir. 1998).

## THE *PRO SE* PLAINTIFF'S STATED FEDERAL CLAIMS LEGAL STANDARDS SIXTH CIRCUIT COURT CASE LAW PRECEDENT

Federal Courts consider actions "under color of law" as the equivalent of "state action" under the Fourteenth Amendment.

*(See Rendell-Baker v. Kohn,* 457 U.S. 830, 838, 102 S. Ct. 2764, 2769 (1982).
*(See also Redding v. St. Edward,* 241 F.3d 530 (6th Cir. 2001).

"Some rights established either by the Constitution or by Federal Law are protected from both governmental and private deprivation."

*(See Flagg Bros. v. Brooks,* 436 U.S. 149, 156, 98 S. Ct. 1729, 1733 (1978).
*(See also Spadafore v. Gardner,* 330 F.3d 849, 854 (6th Cir. 2003).

## THE *PRO SE* PLAINTIFF'S STATED FEDERAL CLAIMS IN THIS INSTANT PENDING CASE

## *PRO SE* PLAINTIFF'S FEDERAL CLAIM #1 U.S. Const. Amend XIV, § 1.

The Fourteenth Amendment provides that no state shall deprive any person of life, liberty or property without due process of law.

*(See Singfield v. Akron Metro. Housing Auth.,* 389 F.3d 555, 565 (6th Cir. 2004).
*(See also Johnston-Taylor v. Gannon,* 907 F.2d 1577, 1581 th (6th Cir. 1990).

## PROCEDURAL DUE PROCESS CLAUSE - 14TH AMENDMENT

"But because state action is a prerequisite to due process claims, this is a threshold—and dispositive—issue in this case."

-13-

(See Waters v. City of Morristown, 242 F.3d 353, 359 (6th Cir. 2001).
(See also Northrip v. Fed. Nat'l Mortg. Ass'n, 527 F.2d 23, 25 (6th Cir. 1975).

Due Process is required to prevent, to the extent
possible, an erroneous deprivation of property.

(See Gilbert v. Homar, 520 U.S. 924, 930–32, 117

S.Ct. 1807, 138 L.Ed.2d 120 (1997).
(See also Mathews v. Eldridge, 424 U.S. 319, 333,
96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

THE *PRO SE* PLAINTIFF -- INDISPUTABLY -- "STATES A FEDERAL 14th
AMENDMENT "PROPERTY INTEREST" PROCEDURAL DUE PROCESS
CLAIM" IN THIS INSTANT U.S. DISTRICT COURT PENDING CASE

"To establish a procedural due process claim, a plaintiff must show (1) he had
a life, liberty, or property interest protected by the Due Process Clause;
(2) he was deprived of this protected interest; and (3) the state did not afford
him adequate procedural rights prior to depriving him of the . . . interest."

(See Women's Med. Prof'l Corp. v. Baird, 438 F.3d 595, 611 (6th Cir. 2006).
(See also Jasinski v. Tyler, 729 F.3d 531, 541 (6th Cir. 2013).

"'In procedural due process claims, the deprivation by state action of a constitutionally

protected interest in 'life, liberty or property' is not itself unconstitutional; *what is*

*is unconstitutional is the deprivation of such an interest without due process of law."*

(See Edison v. State of Tenn. Dep't of Children's Servs., 510 F.3d 631, 635 (6th Cir.

2007) Edison, 510 F.3d at 635 (quoting Zinermon v. Burch, 494 U.S. 113, 125 (1981).

U.S. SIXTH CIRCUIT COURT OF APPEALS
CITED CASE LAW PRECEDENT

For example, "[a] property interest can be created by a state statute,
a formal contract, or a contract implied from the circumstances."

(See Singfield v. Akron Metro. Hous. Auth., 389 F.3d 555, 565 (6th Cir. 2004).
(See also Bailey v. Fld. Co. Bd. of Ed.. By & Thr. Towler, 106 F.3d 135, 141 (6th Cir. 1997).

Specifically, John Moralez *("i.e. The Plaintiff')* -- **indisputably** -- has a recognized 14th

-14-

Amendment constitutionally protected **"property interest"** in this instant case *(See United States v. Hunyady,* 409 F.3d 297, 301 (6th Cir. 2005); *(See also Leary v. Daeschner,* 228 F.3d 729, 742 (6th Cir. 2000). *(See also Bonds* v. Cox, 20 F.3d 697, *702* (6th Cir. 1994).

**Under Michigan Law, tenants holding leasehold estates have a recognized "property interest"** *(See MCL § 600.5701 (Michigan's landlord tenant statute) (See MCL § 600.2918; M.S.A. § 27A.2918, (See also MCL 554.134; (See also 2 Cameron, Michigan Real Property Law (ICLE, 1993), Landlord and Tenant, §§ 20.57, 20.58, p. 929 (See also 20 Am Jur 2d, § 98, p 198; Callaghan's Michigan Civil Jurisprudence, Tenants in Common and Joint Tenants, §§ 7 and 10, pp 146, 150-151; (See Merritt v Nickelson, 407 Mich 544, 555; 287 NW2d 178 (1980); (See also Flatford v. City of Monroe, 17 F.3d 162, 170 n. 8 (6th Cir. 1994); (See also Bartell v. Lohiser, 215 F.3d 550, 557 (6th Cir. 2000).*

### *PRO SE* PLAINTIFF'S FEDERAL CLAIM #2
### *(42 U.S.C. § 1983).*

**"Section 1983 is the statutory vehicle for bringing a claim based on an alleged violation of his Fourteenth Amendment procedural due process rights.**

*(See Lomaz v Hennosy, 151 F. 3d 493, 500 (6th Cir. 1998).*
*(See also Rodgers v. Banks, 344 F.3d 587, 594 (6th Cir. 2003*).

*Under the Due Process Clause of the Fourteenth Amendment, Injured Federal Plaintiffs can pursue compensatory relief under 42 U.S.C. § 1983.*

*(See Brotherton v. Cleveland, 173 F.3d 552, 560-61 (6th Cir. 1999).*
*(See, also e.g., McNamara v. City of Rittman, 473 F.3d 633, 639–40 (6th Cir. 2007).*
*(See also Kuhnle Bros. v. Cnty. of Geauga, 103 F.3d 516, 520–22 (6th Cir. 1997).*

**(Chief Judge Hon. Robert J. Jonker -- Referencing Defendant Legal Counsel Mr. David Zebell)**
*(42 U.S.C. § 1983).*

**"An individual acts "under color of law" when the individual exercises "power possessed by virtue of state law and made possible only because the wrongdoer *(i.e. Mr. David Zebell)* is clothed with the authority of state law."**

**"To state a cause of action under *42 U.S.C. § 1983...* A plaintiff must allege the deprivation of a right secured by the United States Constitution or a federal statute by a person *(Defendant's Legal Counsel Mr. David Zebell)* who was acting under color of state law."**

-15-

(See Moralez v The Arbors of Battle Creek)
(March 21, 2019 / Case No. 1:19-CV-157)
(Hon. Robert J. Jonker) (W.D. Michigan)

42 U.S.C. § 1983
LEGAL STANDARDS / "PRIVATE PARTIES"
U.S. SIXTH CIRCUIT COURT OF APPEALS
CITED CASE LAW PRECEDENT

A private actor may be subjected to liability under § 1983 if he
caused the deprivation of a federal right under color of state law.

(See Parratt v. Taylor, 451 U.S. 527, 535 (1981).
(See also DiLuzio v. Village of Yorkville, Ohio, 796 F.3d 604, 615–16 (6th Cir. 2015).

"[F]or constitutional violations under § 1983, a Plaintiff must demonstrate
that the "private" state actor (i.e. "Defendant Legal Counsel Mr. David Zebell") directly
participated' in the alleged misconduct, at least by encouraging, implicitly authorizing,
approving or knowingly acquiescing in the misconduct, if not carrying it out himself.")

(See Flagg v. City of Detroit, 715 F.3d 165, 174 (6th Cir. 2013).
(See also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).
(See also Bishop v. Hackel, 636 F.3d 757, 765 (6th Cir. 2011).
(See also Summar v. Bennett, 157 F.3d 1054, 1058 (6th Cir. 1998).

"If a private party ("i.e. Defendant Legal Counsel Mr. David Zebell) has engaged with state
officials ("i.e. The State Trial Court") to violate constitutional rights, then that party (i.e Mr.
Zebell) qualifies as a state actor and will be held financially liable pursuant to 42 U.S.C. §
1983 . . .") (See Moore v. City of Paducah, 890 F.2d 831, 834 (6th Cir. 1989) (holding that
individuals who conspire with state actor to deprive individuals of their federally-protected
rights may be found to have acted under color of state law for purposes of § 1983 liability) (See
also Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992); (See also Dennis v. Sparks, 449
U.S. 24, 27-28 (1980); (See also United States v. Price, 383 U.S. 787 (1966) (stating that to act
under color of law does not require that the accused be an officer of the State. It is enough
that he is a willful participant in joint activity with the State or its agents.); (See also Hooks
v. Hooks, 771 F.2d 935, 943 (6th Cir. 1985) ("Private persons jointly engaged with state
officials in a deprivation of civil rights are acting under color of law for purposes of §
1983.") (See also Cooper v. Parrish, 203 F.3d 937, 952 n.2 (6th Cir. 2000).

"It is undisputed that ... Fourteenth Amendment protections, codified in [Section] 1983,
are triggered in the presence of state action" (See Lansing v. City of Memphis, 202 F.3d 821,
828 (6th Cir. 2000); (See also e.g. Fox v. Van Oosterum, 176 F.3d 342, 348 (6th Cir. 1999). In a
Section 1983 action, a Plaintiff must show that the Defendant was "personally involved"
in the alleged constitutional violation) (See Heyerman v. County of Calhoun, 680 F.3d 642, 647
(6th Cir. 2012); (See also Hooks v. Hooks, 771 F.2d 935 943-44 (6th Cir. 1985).

-16-

### THE *PRO SE* PLAINTIFF'S STATEMENT OF
### THE U.S. DISTRICT COURT'S JURISDICTION
### IN THIS INSTANT U.S. DISTRICT COURT CASE

"It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials / private state actors from interfering with federal rights."

*(See Shaw v Delta Air Lines, Inc., 463 U.S. 85, 96 n. 14, 103 S. Ct. 2890, 77 L. Ed.2d 490 (1983).
(citing Ex Parte Young, 209 U.S. at 160-62, 28 S. Ct. 441).*

"*Section 1331* provides that "the district courts shall have original jurisdiction off all civil actions arising under the Constitution, laws or treaties of the United States."

*"This provision (28 U.S.C. § 1331) is generally referred to as the federal question jurisdiction statute."*

*("See Moralez And The Equal Employment Opportunity Commission")
No. 1:18-cv-00634, W.D. Mich - March 26, 2019 (J. Neff)*

Federal-Question Jurisdiction is invoked when a plaintiff pleads a claim "arising under" the Federal Laws or the Constitution.
*(AS IS THE WELL-DEMONSTRATED CASE HERE)*

*(See Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).
(See also DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).
(See also United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994).*

"The U.S. District Court *must assume jurisdiction to decide whether the allegations state a cause of action* on which the court can grant relief * * * For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and * * * it *must be decided AFTER and not BEFORE the U.S. District Court has assumed jurisdiction over the controversy."*

*(See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776, 90 L.Ed. 939 (1946).
(See also Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983).
(See also Benson v. Kase, No. 98-3040, 1999 (6th Cir. March 9, 1999).*

The plaintiff's allegations in the complaint, must be accepted as *true* for the purpose of determining the complaint's sufficiency.
*(See L'Orange v. Medical Protective Co., 394 F. 2d 57, 59 (6th Cir. 1968).
(See also Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001).*

-17-

*See also Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).

*Namely, the district court must assume that the Plaintiff's allegations are TRUE and must construe them in a light most favorable to the Plaintiff.*

*(See Ohio National Life Insurance Co. v. U.S.*, 922 F.2d 320, 324–325 (6th Cir. 1990). *(See also RMI Ti. Co. v. Westin. Elec. Corp.*, 78 F.3d 1125, 1134-35 (6th Cir. 1996).

## BOTH THE U.S. SUPREME COURT AND THE U.S. SIXTH CIRCUIT COURT OF APPEALS LEGALLY MANDATE THAT THIS FEDERAL DISTRICT COURT HAS LEGAL JURISDICTION IN THIS INSTANT CASE

A Federal Plaintiff must show a legal documented basis for the firm prediction that he or she would be denied or could not enforce the cited specified federal rights in state court.

*(See Georgia v. Rachel*, 384 U.S. 780 (1966) *Rachel*, 384 U.S. at 804. *(See also 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure*, § 3728 at 189 (3d ed. 1998). *(See also Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) *Conrad*, 871 F.2d at 615.

The U.S. Supreme Court has well settled if the Federal Plaintiff is "unable to or [is] denied the opportunity to enforce these specified federal rights in the courts of the state in question" then this U.S. District Court's subject matter jurisdiction is firmly established.

*(See Johnson v. Mississippi*, 421 U.S. 213 (1975). *(See also City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827 (1966). *(See also Det. Pol. Lieuts. and Serg. Assn. v. City of Det.*, 597 F.2d 566 (6th Cir. 1979). *(See also Appalachian Volunteers, Inc. v. Clark*, 432 F.2d 530, 535 (6th Cir. 1970).

## *PRO SE* PLAINTIFF'S INTRODUCTION

Personal and/or Subject-Matter Jurisdiction can never be waived or forfeited, and courts are obligated to consider *sua sponte* whether they have such jurisdiction.

*(See VanderBoegh v Energy Solutions, Inc.*, 772 F. 3d 1058, 1064 (6th Cir. 2014). *(See also Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998).

Relief under Federal Rule 60 (B) (4) premised on erroneous personal and subject-matter jurisdiction is extremely appropriate where there is not even an *"arguable basis"* for jurisdiction *(as in this instant case)*.

*(See North. Church v. Char. Twp. of Plym.*, 647 F.3d 606, 611–12 (6th Cir. 2011). *(See also Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006).

-18-

Federal Courts have "uniformly held a state-court judgment is *VOID AB INITIO* where the requirements for effective service have not been satisfied."

*(See Combs v. Nick Garin Trucking,* **825 F.2d 437, 442 & n. 42 (D.C. Cir. 1987).** *(See also cf. Cam. Hold. Grp., Inc. v. Fed. Ins. Co.,* **489 F.3d 1356, 1360 (D.C. Cir. 2007).**

### *MICHIGAN COURT RULE 4.201 (D)*
### MICHIGAN SUPREME COURT
### CITED CASE LAW PRECEDENT

*("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.").*

*(See O.J. Distrib., Inc. v. Hornell Brewing Co.,* **340 F.3d 345, 352 (6th Cir. 2003).** *(See also Amen v. City of Dearborn,* **532 F.2d 554, 557 (6th Cir. 1976).**

*See LSJ Inv. Co., Inc. v. O.L.D., Inc.,* **167 F.3d 320, 322 (6th Cir. 1999).** *(noting that where the facts are undisputed, determination of whether there was adequate service of process is a question of law);*

*(See also Friedman v. Estate of Presser,* **929 F.2d 1151, 1154-156 (6th Cir. 1991).**

*Pursuant to MCR 4.201(D):* Service by U.S. Mail is Required -- *by first class mail*

*addressed to Mr. John Moralez (See MCL 600.5718 (See also e.g., Sewell v. Clean Cut Mgmt.,*

*Inc.,* 463 Mich 569, 621 N.W.2d 222 (2001).

If there is a complete failure of service of process, *(as in this well-demonstrated case here)* the state trial court does not acquire **ANY** personal nor subject matter jurisdiction regarding the Defendant's filed claims and the State Trial Court's **dismissal of ALL the Defendant's filed state court claims are immediately warranted** *as well settled by the Michigan Court of Appeals and The Michigan Supreme Court (See Holliday v Townley,* 189 Mich App 424, 425-426; 473 NW2d 733 (1991); *(See also Alycekay Co v Hasko Constr Co, Inc,* 180 Mich App 502, 505-506; 448 NW2d 43 (1989).*(See People v. Featherstone,* 93 Mich.App. 541, 286 N.W.2d 907 (1979) *(See 62B Am. Jur. 2d, Process, § 204; (See also 4A Wright & Miller, Federal Practice and Procedure, § 1095* (1987 & 1998 Supp.) *(See also People ex rel. Midler v. Judge of the Superior Court,* 38 Mich. 310 (1878).

### *PRO SE* PLAINTIFF'S STATEMENT OF
### *IRREFUTABLE* ESTABLISHED MATERIAL FACTS

### THE DEFENDANT VOLUNTARILY INFORMED THE *PRO SE*
### PLAINTIFF ON OCTOBER 19, 2018 THAT THERE IS NO ACTUAL
### ARTICLE III FEDERAL CASE OR CONTROVERSY TO LITIGATE

WHATSOEVER IN THIS PENDING U.S. DISTRICT COURT CASE

("*Rooker-Feldman* does not prevent a party from attacking opposing parties in state court proceedings or alleging that the methods and evidence were the product of fraud or conspiracy, regardless of whether his success on those claims might call the veracity of the state court judgments into question.").

*(See In re Sun Valley Foods Co.,* **801 F.2d 186, 189 (6th Cir. 1986).**
*(See also Berry v. Schmitt,* **688 F.3d 290, 296 (6th Cir. 2012).**

Entirely without dispute, on **Friday, October 19, 2018,** The Arbors of Battle Creek *("i.e. The Defendant Apartment Complex Landlord") voluntarily* initiated and requested to meet with Mr. John Moralez *("i.e. The Plaintiff Tenant")* -- regarding a purported "claim" that was apparently filed by the Defendant -- **sometime in September 2018** -- with the 10th District Court -- located in Battle Creek, MI *(Calhoun County)* -- accusing the Plaintiff of owing $576.00 in unpaid rent.

The Plaintiff personally attended and participated in the **October 19, 2018** meeting.

**"Plaintiff says the parties reached an out of court agreement during the October 19, 2018 meeting......but Defendant nevertheless continued to pursue an eviction in the State Court."**

*(See Moralez v The Arbors of Battle Creek)*
*(March 21, 2019 / Case No. 1:19-CV-157)*
*(Hon. Robert J. Jonker) (W.D. Michigan)*

At the **October 19, 2018** meeting, the Defendant also voluntarily informed the Plaintiff *(after the Defendant re-checked their official rent payment records regarding the Plaintiff)* -- **that the Plaintiff had actually already paid $580.00 to the Defendant** -- and that the Defendant's purported pending filed "claim" had already been completely satisfied -- **so there was no Federal Article III "Case or Controversy" -- which needed any state trial court based intervention resolution -- at all.....even according to the Defendant.**

*IRREFUTABLY* -- **THE STATE TRIAL COURT HAD EXACTLY ZERO PERSONAL NOR SUBJECT MATTER JURISDICTION OVER ALL OF THE DEFENDANT'S UNDERLYING STATE COURT FILED CLAIMS MAKING**

-20-

**ALL OF THE STATE TRIAL COURT'S ENTERED ORDERS / JUDGMENTS -- "*NULL AND VOID AB INITIO* -- IN THIS INSTANT U.S. DISTRICT COURT CASE**

**The party making service *(i.e. "Defendant The Arbors of Battle Creek")* has the burden of demonstrating its validity when a Federal Rule 12 (B) (5) filed "objection" to service is made by the *Pro Se* Plaintiff.**

*(See Youn v. Track, Inc.,* **324 F.3d 409, 417 (6th Cir. 2003).** *(See also Dean v. Motel 6 Operating L.P.,* **144 F. 3d 1269, 1272 (6th Cir. 1998).**

**The Plaintiff's awareness of the Defendant's State Court Filed Complaint makes no legal difference to the question of whether he was properly served.**

*(See Friedman v. Estate of Presser,* **929 F.2d 1151, 1156 (6th Cir. 1991).** *(See also Sawyer v. Lex.–Fay. Urban Cnty. Gov't.,* **18 Fed. Appx. 285, 287 (6th Cir. 2001).**

**"Actual knowledge and lack of prejudice cannot take the place of legally sufficient service."**

*(See Amen v. City of Dearborn,* **532 F.2d 554, 557 (6th Cir. 1976).** *(See also LSJ Inv. Co., Inc., v. OLD, Inc.,* **167 F.3d 320, 324 (6th Cir. 1999).**

At the **October 19, 2018** meeting -- which was held at The Arbors of Battle Creek's *("i.e. The Defendant")* own administrative office -- the Defendant readily and personally acknowledged to Mr. John Moralez *(i.e. The Pro Se Plaintiff)* -- that the *Pro Se* Plaintiff was ***"never timely nor formally served whatsoever -- by First Class U.S. Mail – with the Defendant's September 2018 originally filed state trial court (10th District Court) claim / complaint"*** -- in blatant violation of Michigan Court Rule *("MCR") 4.201 (D)* -- **as well as formally demonstrating the Defendant's extremely transparent violations of Federal Rule 12 (B) (5), Federal Rule 12 (B) (1), Federal Rule 12 (B) (2), Federal Rule 12 (H) (3), Federal Rule 4 (A) (1) (C) and Federal Rule 60 (B) (4).**

**THE DEFENDANT -- ENTIRELY WITHOUT DISPUTE -- INTENTIONALLY BLOCKED ACCESS TO THE *PRO SE* PLAINTIFF'S OWN U.S. POST OFFICE MAIL BOX FOR NEARLY TWO MONTHS -- IN 2018 -- MAKING IT LEGALLY AND FACTUALLY IMPOSSIBLE FOR THE DEFENDANT TO ACTUALLY**

-21-

**"SERVE" THE PLAINTIFF -- WITH THEIR STATE TRIAL COURT ORIGINAL FILED COMPLAINT *(VIA U.S. MAIL)* AND LEGALLY HONOR *MCR 4.201 (D)***

**"Direct evidence explains itself."**

**The Sixth Circuit Court has well held a very famous legal assertion regarding direct evidence - "it explains itself."**

*(See Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 916 (6th Cir. 2013).*
*(See also Marie v. Am. Red. Cross, 771 F.3d 344, 361 (6th Cir. 2014).*

*(See Plaintiff's Exhibit 1 -- August 27, 2018 Presented Electronic Written Correspondence To The Arbors of Battle Creek Asking -- YET AGAIN -- For U.S. Post Office Box Mail Keys For The Plaintiff's Apartment) (Enclosed/Attached)*

**Because THE DEFENDANT *("The Arbors of Battle Creek") INTENTIONALLY* did not honor *MCR 4.201 (D)* -- AT ALL --"service" of their State Trial Court Originally Filed Complaint was IMPROPER and ALL OF the State Trial Court's entered *VOID AB INITIO* Orders / Judgments must therefore be IMMEDIATELY set aside, completely dismissed and vacated -- *as so sayeth the U.S. Sixth Circuit Court of Appeals* --**

*(See also United Coin Meter Co. v. Sea. Coastline R.R., 705 F.2d 839, 846 (6th Cir. 1983).*
*(See also Shep. Cl. Serv., Inc. v. W. Darrah & Assoc.,796 F.2d 190, 193-94 (6th Cir. 1986).*

**ON OCTOBER 22, 2018 -- DEFENDANT LEGAL COUNSEL MR. DAVID ZEBELL WHOLEHEARTEDLY AND WILLFULLY VIOLATED THE PLAINTIFF'S 14TH AMENDMENT PROCEDURAL DUE PROCESS RIGHTS AND *42 U.S.C. § 1983* BY KNOWINGLY COMMITTING "FRAUD UPON THE STATE TRIAL COURT"**

**MR. DAVID ZEBELL'S MEETS "EX-PARTE" WITH THE ASSIGNED STATE TRIAL COURT JUDGE *(HON. FRANKLIN K. LINE)* FOR THE FIRST TIME TO FRAUDULENTLY URGE THE STATE TRIAL COURT TO FABRICATE FROM WHOLE CLOTH -- AN ILLEGALLY MANUFACTURED "DEFAULT JUDGMENT"**

*Demjanjuk* defined fraud on the court as conduct: 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.

*(See Demjanjuk v. Petrovsky, 10 F.3d 338, 352–53 (6th Cir. 1993).*

**_28 U.S.C. § 1927_ SANCTIONS - LEGAL STANDARDS SIXTH CIRCUIT COURT CASE LAW PRECEDENT**

-22-

A court may sanction an attorney pursuant to *§ 1927*, therefore, "without a finding of bad faith, 'at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims'" *(See Ridder v. City of Springfield,* 109 F.3d 288, 298 (6th Cir. 1997); *(See also Jones v. Cont'l Corp.,* 789 F.2d 1225, 1230 (6th Cir. 1986).

*HERE -- ENTIRELY WITHOUT DISPUTE -- BOTH THE STATE TRIAL COURT AND THE DEFENDANT -- WORKING TOGETHER -- COMPLETELY FABRICATED ARTICLE III JURISDICTION IRREFUTABLY OUT OF WHOLE CLOTH -- COMPLETELY DESTROYING THE STATE TRIAL COURT'S LEGAL INTEGRITY*

"**Plaintiff's allegations arguably claim the State Court Judge** *(i.e. Hon. Franklin K. Line)* **was not merely a victim of the parties' fraud but complicit in it.**"

*(See Moralez v The Arbors of Battle Creek)*
*(March 21, 2019 / Case No. 1:19-CV-157)*
*(Hon. Robert J. Jonker) (W.D. Michigan)*

*Since -- here -- the Plaintiff is complaining of an injury stemmed from the Defendant's filing of fabricated manufactured illegal court documents -- through illegal, secret and fraudulently conducted "Ex-Parte Communications" with the State Trial Court -- and not from any state court issued judgment -- the Rooker-Feldman Legal Doctrine -- WILL NOT APPLY whatsoever to this instant case.*

*(See Todd v. Weltman, Weinberg & Reis Co., 434 F.3d 432, 437 (6th Cir. 2006).*
*(See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280,*
*125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).*

**Federal Plaintiffs can sue in federal court for fraud and wrongdoing that allegedly produced a state-court judgment** *(See McCormick, supra, 451 F.3d at 392 (district court had jurisdiction over claims that state-court judgments "were procured by certain Defendants through fraud, misrepresentation, or other improper means");*

*(See McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006).*
*(See also Evans v. Cordray, 424 F. App'x 537, 538 (6th Cir. 2011).*

"**Through the use of fabricated documents and repeated fraud upon the State Court, Defendant and it's counsel allegedly obtained an October 22, 2018 default judgment against the Plaintiff.**"

*(See Moralez v The Arbors of Battle Creek)*
*(March 21, 2019 / Case No. 1:19-CV-157)*
*(Hon. Robert J. Jonker) (W.D. Michigan)*

-23-

*ON MONDAY, OCTOBER 22, 2018 -- DEFENDANT LEGAL COUNSEL
MR. DAVID ZEBELL WILLFULLY VIOLATED BOTH THE 14TH
AMENDMENT (DUE PROCESS CLAUSE) AND 42 U.S.C. § 1983
IN THIS INSTANT U.S. DISTRICT COURT PENDING CASE*

**42 U.S.C. § 1983 STATED CLAIMS
SIXTH CIRCUIT COURT LEGAL STANDARDS
FOR "PRIVATE PARTIES" QUALIFYING AS A "STATE ACTOR"**

**In order for a private party's conduct to be under color of
state law, it must be "fairly attributable to the State."**

*(See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).
(See also Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996).*

*42 U.S.C. § 1983*

*"The Defendant (The Arbors of Battle Creek) and its
Counsel (David Zebell) are plainly private parties/actors."*

*(See Moralez v The Arbors of Battle Creek)
(March 21, 2019 / Case No. 1:19-CV-157)
(Hon. Robert J. Jonker) (W.D. Michigan)*

**A private actor may be subjected to liability under § 1983 if he
caused the deprivation of a federal right under color of state law.**

*(See Parratt v. Taylor, 451 U.S. 527, 535 (1981).
(See also DiLuzio v. Village of Yorkville, Ohio, 796 F.3d 604, 615–16 (6th Cir. 2015).*

"[F]or constitutional violations under § 1983, a Plaintiff must demonstrate that
the private "state" actor *(i.e. "Defendant Legal Counsel Mr. David Zebell")* directly
participated' in the alleged misconduct, at least by encouraging, implicitly authorizing,
approving or knowingly acquiescing in the misconduct, if not carrying it out himself.")

*(See Flagg v. City of Detroit, 715 F.3d 165, 174 (6th Cir. 2013).
(See also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).
(See also Bishop v. Hackel, 636 F.3d 757, 765 (6th Cir. 2011).
(See also Summar v. Bennett, 157 F.3d 1054, 1058 (6th Cir. 1998).*

*"If a private party ("i.e. Defendant Legal Counsel Mr. David Zebell) has engaged with
state officials ("i.e. The State Trial Court") to violate constitutional rights, then that party (i.e.
Mr. David Zebell) qualifies as a state actor and will be held liable pursuant to 42 U.S.C. §
1983 . . .")* (See Moore v. City of Paducah, 890 F.2d 831, 834 (6th Cir. 1989) (**holding that**

-24-

*that individuals who conspire with state actor to deprive individuals of their federally-protected rights may be found to have acted under color of state law for purposes of § 1983 liability)* (See also *Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir. 1992).

**"Through the use of fabricated documents and repeated fraud upon the State Court, Defendant and it's counsel allegedly obtained an October 22, 2018 default judgment against the Plaintiff."**

*(See Moralez v The Arbors of Battle Creek)*
*(March 21, 2019 / Case No. 1:19-CV-157)*
*(Hon. Robert J. Jonker) (W.D. Michigan)*

*THE DEFENDANT WILL NOT BE ABLE TO EXPLAIN AWAY THESE IRREFUTABLE MATERIAL FACTS WITH ANY BELIEVABIILTY NOR CREDIBILITY*

*HERE – THE DEFENDANT SIMPLY FABRICATED THEIR STATE TRIAL COURT CLAIMS FROM WHOLE CLOTH*

On Monday, October 22, 2018 -- **having exactly zero (0) Federal Article III legal standing** -- Defendant Legal Counsel Mr. David Zebell **STILL secretly and illegally met "Ex-Parte"** with 10th District Court Judge Franklin K. Line and then fraudulently and personally engineered -- and fraudulently manipulated the state court trial judge into -- **somehow** -- signing and entering an extremely transparent -- *illegally fraudulently manufactured –completely fabricated "default judgment" court document* -- against the Plaintiff -- in this matter -- even though the Plaintiff had already paid the Defendant their requested rent -- **as even the Defendant READILY ADMITTED TO THE PLAINTIFF on Friday, October 19, 2018 – THREE (3) DAYS EARLIER -- IN PERSON** *(See Plaintiff's Exhibit 2 - The Defendant's Completely Fabricated and Illegally Entered Through Illegal "Ex-Parte Communications" – October 22, 2018 Entered "Default Judgment" / Enclosed /Attached).*

**THE DEFENDANT ALSO WILLFULLY VIOLATED** *42 U.S.C. § 1983* **AND "***THE DUE PROCESS CLAUSE***" THE 14TH AMENDMENT— BY KNOWINGLY PRESENTING FABRICATED MANUFACTURED**

-25-

## DOCUMENTARY CASE RECORD EVIDENCE TO THE STATE TRIAL COURT -- *EX-PARTE* -- ON OCTOBER 22, 2018

*"A person's 14th Amendment due process rights are violated when evidence is knowingly fabricated, manufactured and presented to the Court making the "fabricated evidence" – a reasonable likelihood that the false evidence would affect the decision of a jury in this instant case."*

*(See Spurlock v. Satterfield, 167 F.3d 995, 1005 (6th Cir. 1999).*
*(See also United States v. Epley, 52 F.3d 571, 576 (6th Cir.1995).*
*(See also Webb v. United States, 789 F.3d 647, 660 (6th Cir. 2015).*

The basis of a fabrication-of-evidence claim under *42 U.S.C. § 1983* is an allegation that a Defendant *"knowingly fabricated manufactured evidence (i.e. The Defendant's original October 22, 2018 Default Judgment Court Filed Document -- against the Plaintiff]"*, and [that] there is a reasonable likelihood that the false evidence could have affected the judgment of a jury" *(See Stemler v. City of Florence,* 126 F.3d 856, 872 (6th Cir. 1997); *(See also Marie v. Am. Red Cross,* 771 F.3d 344, 364 (6th Cir. 2014); *(See also Fisher v. Dodson,* 451 F. App'x 500, 501–02 (6th Cir. 2011).

The Plaintiff's protected constitutional rights to impartial fairness with the state trial court in these legal proceedings -- are guaranteed under *42 U.S.C. § 1983 and the Fourteenth Amendment"* **as long held by the Sixth Circuit Court** *(See Gregory v. City of Louisville,* 444 F.3d 725, 749–50 (6th Cir. 2006); *(See also Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007).

While "the Constitution guarantees a Defendant *(i.e. The Arbors of Battle Creek, Mr. David Zebell)* a meaningful opportunity to present a complete defense" a Defendant does not have *"an unfettered right to offer evidence that is fabricated, prejudicial, or otherwise inadmissible under standard rules of evidence"* *(See United States v. Blackwell,* 459 F.3d 739, 753 (6th Cir. 2006);

-26-

*(See also United States v. Kernell,* 667 F.3d 746, 756 (6th Cir. 2012); *(See also Jones v. Clark*

*County,* No. 16-6281, 2017 WL 2297487 (6th Cir. May 25, 2017).

## *PRO SE* PLAINTIFF'S CONCLUSION AND PROSPECTIVE EQUITABLE "NON-MONETARY" REMEDIAL RELIEF REQUEST

## ALL OF THE DEFENDANT'S STATE TRIAL COURT FILINGS MUST BE IMMEDIATELY SET ASIDE, DISMISSED AND VACATED BY THE U.S. DISTRICT COURT PER THE U.S. SIXTH CIRCUIT COURT OF APPEALS

**Pursuant to Federal Rules of Evidence Rules 401 and Rule 403,** this Federal District Court must immediately set aside, dismiss and vacate **ALL** of the Defendant's fraudulently engineered / fraudulently manufactured judgments / orders -- received from the State Trial Court -- regarding these pending legal matters -- since **ALL** of BOTH the Defendant's and The State Trial Court's filings **ALL RELY ON THE DEFENDANT'S FRAUDULENTLY ENGINEERED AND FRAUDULENTLY MANUFACTURED -- COMPLETELY FABRICATED -- OCTOBER 22, 2018 DEFAULT JUDGMENT ORIGINALLY FILED STATE TRIAL COURT DOCUMENT** *(See United States v. Hart,* 70 F.3d 854, 858 (6th Cir. 1995); *(See also Sykes v. Anderson,* 625 F.3d 294, 304 (6th Cir. 2010).

## *YOU CAN'T EVEN MAKE THIS STUFF UP!!*

## FEDERAL RULE 60 (D) (3)

## THE FEDERAL PLAINTIFF STATES AN "INDEPENDENT ACTION" CLAIM IN THIS INSTANT CASE WITH THIS U.S. DISTRICT COURT

*Relief under Federal Rule 60 (D) (3), therefore, is usually "reserved for circumstances in which, for example, a bogus fabricated manufactured document is inserted in the court's administrative case record, or improper influence has been exerted upon the court or an attorney so that the integrity of the court and its ability to function is directly impinged."*

*(See Morawski v. U.S. Dep't of Agric.,* No. 09-14568, slip. op., at *7 (E.D. Mich. July 2002).
*(See also Cunningham v. Sears, Roebuck & Co.,* 854 F.2d 914, 916 (6th Cir. 1988).

*Since all of the Defendant's presented documentary evidentiary admissions* -- to the State

Trial Court -- are either "fabricated", "manufactured" "prejudicial" "meant to confuse the issues",

or to "knowingly mislead a jury", or to "cause undue delay, and to "completely and needlessly

-27-

waste the time of both the Plaintiff and the Court".....This Federal District Court must

immediately and completely set aside, dismiss and vacate all of the Defendant's fraudulently

obtained and fraudulently engineered orders / judgments -- received from the State Trial Court –

and immediately sanction Defendant Legal Counsel Mr. David Zebell -- *pursuant to Federal*

*Rule of Civil Procedure Rule 60 (D) (3) and 28 U.S.C. § 1927 -- as well settled by the Sixth*

*Circuit Court* (See Vasquez v. Jones, 496 F.3d 564, 576 (6th Cir. 2007); (See also United States

v. Robinson, 547 F.3d 632, 642 (6th Cir. 2008); (See also Demjanjuk v. Petrovsky, 10 F.3d 338,

352–53 (6th Cir. 1993); (See also 11 Charles Alan Wright et al. Federal Practice & Procedure

§ 2870 (West 2011); (See also Workman v. Bell, 227 F.3d 331, 336 (6th Cir. 2000); (See also

Carter v. Anderson, 585 F.3d 1007, 1011–12 (6th Cir. 2009).

**DEFENDANT LEGAL COUNSEL MR. DAVID ZEBELL
FRAUDULENTLY DECEIVED THE STATE TRIAL COURT
INTO SIGNING AND ENTERING A COMPLETELY FABRICATED
MANUFACTURED DEFAULT JUDGMENT IN THIS CASE
FROM THE INSTANT CASE'S ORIGINAL OUTSET – THEREBY
FRAUDULENTLY MANUFACTURING ARTICLE III STANDING**

**"There are two sets of claims in Plaintiff's motion that may not
be precluded by *Rooker-Feldman*: the alleged fraud of Defendant
and Defendant's Counsel (i.e. *"Mr. David Zebell"*) in the State
Court; and the alleged conduct of the State Court Judge.**

**(See Moralez v The Arbors of Battle Creek)
(March 21, 2019 / Case No. 1:19-CV-157)
(Hon. Robert J. Jonker) (W.D. Michigan)**

*[Fraudulent conduct] on the part of an officer of the court (i.e. Defendant Legal Counsel
Mr. David Zebell; that A) is directed to the judicial machinery itself; B) is intentionally
false, willfully blind to the truth, or is in reckless disregard of the truth; C) is a positive
averment or a concealment when one is under a duty to disclose; and D) deceives
the court" -- automatically requires this Federal District Court to immediately
set aside, dismiss and vacate ALL of the State Trial Court's Issued Judgments /
Orders -- as well settled by the U.S. Sixth Circuit Court of Appeals.*

*(See Johnson v. Bell, 605 F.3d 333, 339 (6th Cir. 2010).*
*(quoting Carter v. Anderson, 585 F.3d 1007, 1011–12 (6th Cir. 2009).*
*(See also Workman v. Bell, 227 F.3d 331, 336 (6th Cir. 2000).*

That is -- the state trial court must have been fraudulently deceived into issuing the wrong decree *(See Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986); *Sun Valley Foods Co.*, 801 F.2d at 189; *(See also see Catz v. Chalker,* 142 F.3d 279, 294 (6th Cir. 1998).

Since **ALL** of the State Trial Court's issued **ENTERED** orders / judgments are -- **entirely without dispute** – **flagrantly unconstitutional** - *(specifically due to The State Trial Court's willful, arbitrary and knowing "fraudulent deceptive bad faith" allowance of The Defendant's extremely transparent violations of Federal Rule 60 (D) (3), Federal Rule 60 (B) (4), 28 U.S.C. § 1927 and Federal Rule 9 (B) for a complete lack of procedural due process) ("i.e. The 14th "Due Process Clause" Amendment"),* this Federal District Court can immediately set aside, dismiss and vacate all of the Defendant's **FRAUDULENTLY** begotten and **FRAUDULENTLY** manufactured and engineered received state trial court judgments / orders -- *as well settled by the U.S. Sixth Circuit Court of Appeals (See First Nat'l Bank of Salem, Ohio v. Hirsch,* 535 F.2d 343, 346 (6th Cir. 1976); *(See also Sutton v. Cleveland Bd. of Educ.,* 958 F.2d 1339, 1350 (6th Cir. 1992); *(See also Women's Med. Prof'l Corp. v. Baird,* 438 F.3d 595, 611 (6th Cir. 2006).

**ALL OF THE STATE TRIAL COURT'S PREVIOUSLY ENTERED JUDGMENTS / ORDERS ARE ALL *VOID AB INITIO* IN THIS INSTANT CASE AND MUST BE IMMEDIATELY SET ASIDE, DISMISSED AND VACATED BY THIS FEDERAL DISTRICT COURT**

**Accordingly, "due process requires that a hearing. . . ' be a real one, not a sham or a pretense."**

*(See Opdyke Inv. Co. v. City of Detroit, 883 F. 2d 1265, 1273 (6th Cir. 1989).*
*(See also Westmac, Inc. v Smith, 797 F. 2d 313, 315 (6th Cir. 1986).*

-29-

**Rather, the hallmark of a sham proceeding is where the outcome of the hearing was predetermined beforehand regardless of the proof presented... and does not afford due process to the *Pro Se* Plaintiff.**

**(See *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001).**
**(See also *Wagner v. City of Memphis*, 971 F.Supp. 308, 318-19 (W.D. Tenn. 1997).**

*The Pro Se Plaintiff's presented and specifically explained documentary evidence in this motion brief well demonstrates the State Trial Court's arbitrary and illegal intention and **impermissible motive** - in this instant case - and that was to illegally and arbitrarily throw the case **(and willfully allow The Plaintiff's multiple mandated Constitutional Protected Rights to be completely eviscerated by the Defendant)** -- to the Defendant and Defendant Legal Counsel Mr. David Zebell - despite the specific irrefutable documentary evidentiary proof presented by the Plaintiff to the State Trial Court in opposition - making this entire state trial court proceeding - a complete fraudulent "sham."*

## SIXTH CIRCUIT COURT CASE LAW PRECEDENT

*Cf. In re Sun Valley Foods Co. v. Detroit Marine Terminals, Inc.*, 801 F.2d 186, 189 (6th Cir. 1986) *(finding that "[a] federal court may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, ... mistake" **or other gross procedural error**); (See Mehdipour v. City of Oklahoma City*, 161 F.3d 18, 1 (6th Cir. 1998); (See also *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

*(See Hosp. Underwriting Group, Inc. v. Summit Health, Ltd.*, 63 F.3d 486, 494 (6th Cir. 1995) *Hosp. Underwriting Group, Inc.*, 63 F.3d at 495 *(observing that a state-court judgment could be found "void" and "collaterally attacked if the court lacked subject matter jurisdiction over the case, personal jurisdiction over the parties or jurisdiction to render the particular judgment given, or .....**if the judgment was the product of specific demonstrative fraud")** (See Kremer v. Chem. Constr. Corp.* 456 U.S. 461, 482, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *(See also Kalb v. Feuerstein*, 308 U.S. 433, 438, 60 S.Ct. 343, 84 L.Ed. 370 (1940).

**("If The State, however, demonstrably failed to satisfy the applicable requirements of the "Due Process Clause" - then the issued State Court Judgments (i.e. The 10th District State Trial Court Entered Judgments / Issued Orders) are to be immediately considered VOID AB INITIO by the Federal District Court -- and immediately set aside and completely vacated per Federal Rule 60 (B) (4)** (See *Fair Hous. Advocates Ass'n v. City of Richmond Heights*, 209 F.3d 626, 635-36 (6th Cir. 2000); (See also *Jordan v. Gilligan*, 500 F.2d 701, 704 (6th Cir. 1974).

*(See Osborn v. Ashland County Bd. of Alcohol, Drug Addiction & Mental Health Servs.*, 979 F.2d 1131, 1134 (6th Cir. 1992) *(stating that "[a] judgment is VOID AB INITIO for failure to meet the minimal procedural requirements of the Fourteenth Amendment's "Due Process Clause" [and] is not subject to the Full Faith and Credit Act")* (See also *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).

-30-

Dated:    December 2, 2019                          Respectfully Submitted,

------------------------------------------------

John Moralez, *In Pro Se*
*Plaintiff*
5420 Beckley Road., #325
Battle Creek, MI 49015
johnmoralez@netzero.net

